**Christopher T. PYNE, Plaintiff**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**No. CIV. 01–0275(RJL).**

United States District Court,
District of Columbia.

Sept. 30, 2002.

Richard T. Brown, Washington, DC, Trevor Michael Fuller, The Fuller Law Firm, Charlotte, NC, for Christopher T. Pyne.

Julie Steptoe Lee, Office of Corp. Counsel, DC, Washington, DC, Leon Alexander Swinson, Alexandria, VA, for District of Columbia.

## MEMORANDUM OPINION

LEON, District Judge.

On February 5, 2001, plaintiff brought claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII for national origin discrimination, gender discrimination and retaliation. The District of Columbia, defendant, filed a motion to dismiss or, in the alternative, for summary judgment on September 20, 2001. For the reasons set forth below, defendant's motion to dismiss (# 8) is granted in part and denied in part.

## BACKGROUND

The plaintiff, Christopher Pyne, an African American male of Nigerian origin, was employed by the District of Columbia Public Schools (DCPS) beginning in August, 1988 as a financial analyst. As a result of a Congressionally mandated reduction-in-force (RIF), the plaintiff's employment was terminated on January 3, 1997. Subsequently, on March 9, 1998, the plaintiff was re-hired by DCPS as a business manager, and was assigned to Coolidge Senior High School. Plaintiff asserts in his complaint that this was a "non-financial position" within the DCPS.

On March 16, 1998, plaintiff's employment as a business manager at Coolidge Senior High School was also terminated by DCPS. Both plaintiff and defendant assert that there was some confusion on the part of DCPS officials as to whether DCPS was permitted to re-hire DCPS employees who were terminated as a result of the RIF; plaintiff claims that he was informed by a DCPS human resources officer that DCPS was not permitted to re-hire employees terminated as a result of a RIF, pursuant to statements by the Chief Financial Officer. However, the general counsel to the Chief Financial Officer, according to the plaintiff, told plaintiff on May 11, 1998, that the Office of the Chief Financial Officer had never told DCPS that they could not re-hire employees terminated due to a RIF.

Regardless of the alleged position of the Chief Financial Officer and DCPS on re-hiring employees terminated during RIFs, the plaintiff applied for a business manager position at DCPS in April 1999. DCPS did not hire the plaintiff, and plaintiff alleges that he was better qualified than the African American female who was ultimately selected. Moreover, plaintiff claims that a DCPS principal told him he was better qualified for the position. On June 25, 1999, plaintiff again applied for positions with DCPS, this time for a fiscal assistant position and a fiscal officer position. The plaintiff was interviewed for the

fiscal officer position, but was not hired for either job.

On September 7, 1999, plaintiff filed a charge under Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission (EEOC). Plaintiff claimed that DCPS had discriminated against him on the basis of his national origin (Nigerian) and his gender (male) when it failed to hire him for the three positions for which he applied in 1999. The EEOC issued to plaintiff a right to sue letter on November 7, 2000, and plaintiff filed the instant action on February 5, 2001.

Plaintiff now brings the following claims based on the defendant's failure to hire him for three positions in 1999: that his termination from his business manager position at Coolidge Senior High School was unlawful under 42 U.S.C. § 1981, 42 U.S.C. § 1983, the due process clause of the United States Constitution, and District of Columbia law; that the defendant's failure to hire him in 1999 was unlawful national origin and gender discrimination under Title VII; and that defendant's failure to hire him in 1999 was unlawful retaliation under Title VII.

## Plaintiff's Claims Under 42 U.S.C. § 1981 Are Not Barred by the Statute of Limitations

█ Defendant argues that a two-year statute of limitations applies to all claims under 42 U.S.C. § 1981; as plaintiff brought his claim regarding his termination from Coolidge High School in 1998 on February 5, 2001—nearly three years after his termination—defendant argues that his claim is untimely.

Plaintiff's claim under 42 U.S.C. § 1981, however, is not untimely as the proper statute of limitations in such claims is three years, not two years. Federal civil rights statutes, like 42 U.S.C. § 1981, do not contain statutes of limitations. In-stead, 42 U.S.C. § 1988 directs federal courts to consider federal law, and then the state statute of limitations law that is "most analogous" to the claim, if federal law provides no guidance as to the applicable statute of limitations. *Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). The Court, therefore, must consider District of Columbia law on statutes of limitations in order to determine which statute of limitations is applicable to a claim under 42 U.S.C. § 1981.

This Circuit concluded in *Banks v. Chesapeake and Potomac Telephone Co.,* 802 F.2d 1416 (D.C.Cir.1986) that the most appropriate statute of limitations for claims under 42 U.S.C. § 1981 is the one for personal injury claims. *See id.* at 1421. The Circuit Court found that 42 U.S.C. § 1981 claims are best characterized as personal injury claims because § 1981 "provide[s] remedies for a broad range of actions that could be characterized as various state torts." *Id.* The applicable statute under D.C. law, therefore, and the one that applies to personal injury claims, is D.C.Code Ann. § 12–301(8), which provides a three year statute of limitations. As defendant was terminated on March 16, 1998, from Coolidge Senior High School and he brought this claim on February 5, 2001, plaintiff's claim under 42 U.S.C. § 1981 is timely and defendant's motion to dismiss plaintiff's § 1981 claim is denied.

## Plaintiff's 42 U.S.C. § 1983 Claim is Dismissed for Failure to Allege a Municipal Policy, Practice or Custom

Plaintiff alleges that the District of Columbia, as a municipality, is liable for the decisions of various DCPS officials who chose not to hire plaintiff for three positions in 1999. According to the plaintiff, the defendant engaged in a "practice which provided that [the plaintiff] could not be

hired by DCPS because he had been part of a previous reduction-in-force from DCPS."[1]

■ Municipalities are subject to liability under 42 U.S.C. § 1983 not based on a theory of *respondeat superior*, but when the municipality's "official custom or policy causes the complainant to suffer a deprivation of constitutional right." *See Carter v. District of Columbia, et al.*, 795 F.2d 116, 122 (D.C.Cir.1986). As the Supreme Court found in *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for a plaintiff's claim against a municipality under 42 U.S.C. § 1983 to succeed, the plaintiff must demonstrate that the custom or policy is the "the *moving force* of the constitutional violation."

The defendant argues that plaintiff has not alleged a *prima facie* case for municipal liability under 42 U.S.C. § 1983 because plaintiff "makes no showing that any alleged constitutional violation was caused by an unconstitutional municipal policy or practice."[2] Before a complaint can be dismissed for failure to state a claim upon which relief can be granted, however, it must appear beyond doubt that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Motions to dismiss are construed liberally in the plaintiff's favor, and plaintiff's receive the benefit of all inferences that can be derived from the facts alleged. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). In a claim brought under 42 U.S.C. § 1983 against a municipality, plaintiffs must allege the existence of a policy or custom on the part of the municipality that is the driving force of the constitutional violation in order to survive a motion to dismiss. A plaintiff seeking to impose municipal liability need not "plead multiple instances of similar constitutional violations to support an allegation of municipal policy or custom" in order to defeat a motion to dismiss, *Jordan, et al. v. Jackson, et al.*, 15 F.3d 333, 339 (4th Cir. 1994); the usual notice pleading required by Rule 8(a)(2) of the Federal Rules of Civil Procedure, i.e., "a short and plain statement of the claim showing that the pleader is entitled to relief," is all that is required. *Jordan*, 15 F.3d at 339.

■ Here, plaintiff has failed to allege that the supposed policy—not hiring employees who were terminated through a RIF—is the moving force of the alleged constitutional violation. *Monell* and *City of Canton v. Harris*, 489 U.S. 378, 386–87, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) dictate that there must be a "direct causal link," or nexus, between the alleged policy and the alleged constitutional violation. While DCPS may, in fact, have had a policy that employees terminated through a RIF could not be re-hired, the plaintiff has not alleged facts in support of an affirmative link between that policy the alleged national origin and gender discrimination that is the basis of the alleged constitutional deprivations. Employment discrimination may be a *result* of the policy, but there is no allegation that the policy was the *moving force* behind the alleged constitutional deprivations.

For the reasons set forth above, defendant's motion to dismiss plaintiff's claim under 42 U.S.C. § 1983 is dismissed.

### The Plaintiff Has Stated a Prima Facie Claim for Discrimination Under Title VII

■ The Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93

---

1. Pl.'s Opp'n at 4–5.

2. Def.'s Mtn to Dismiss at 4.

S.Ct. 1817, 36 L.Ed.2d 668 (1973) established the evidentiary standard a complainant must satisfy in order to establish a prima facie case of discrimination under Title VII. Under the *McDonnell Douglas* test, a plaintiff charging that an employer discriminated against her when it failed to hire her must show that 1) she belongs to a racial minority, 2) that she was qualified for the job for which an employer is seeking applicants, 3) that despite those qualifications, she was rejected, and 4) that, following the rejection, the job remained open and the employer continued to seek applicants with plaintiff's qualifications. *Id.* at 802, 93 S.Ct. 1817.

■ Defendant argues that plaintiff's claims for national origin and gender discrimination under Title VII must be dismissed because the plaintiff failed to allege the second prong of the *McDonnell Douglas* test: that he was qualified for the three DCPS positions for which he applied in 1999. The defendant, however confuses the purpose of the *McDonnell Douglas* test. It is not a *pleading* standard, but an *evidentiary* standard establishing the order and allocation of proof. The Supreme Court in *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), in an opinion by Justice Thomas, explained that "this Court has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." According to the Supreme Court's holding in *Swierkiewicz*, plaintiffs in Title VII claims need only satisfy the regular notice pleading requirements of Federal Rule 8(a), "a short and plain statement of the claim showing that the pleader is entitled to relief."

This Court holds that plaintiff has satisfied the requirements of Federal Rule 8(a) in his complaint as it pertains to his Title VII claim for national origin and gender discrimination. Plaintiff alleged that he is a member of a racial minority, that he applied for a job with the defendant, that he was rejected, and that he felt the defendant's failure to hire him for the three positions available in 1999 was due to his national origin and gender. These allegations are sufficient to put the defendant on notice of plaintiff's claims, therefore, defendant's motion to dismiss is denied.

## Plaintiff's Claim for Retaliation is Dismissed as Plaintiff Failed to Exhaust Administrative Remedies

■ Plaintiff has failed to exhaust his administrative remedies as it relates to his Title VII retaliation claim, therefore, this claim is dismissed.

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), plaintiffs must exhaust administrative remedies before the EEOC before seeking relief in court. This administrative prerequisite serves an important purpose, as the agency is able to investigate the charge, the charged party is put on notice, and the issues are narrowed for adjudication. *See Park v. Howard University*, 71 F.3d 904, 907 (D.C.Cir.1995).

While a Title VII suit is limited in scope to the allegations of the EEOC charge, the rule is not absolute. If a complainant brings for the first time in court a retaliation claim that was not included in the original administrative charges before the EEOC, but the retaliation claim is " 'like or reasonably related to the allegations of the charge and growing out of such allegations,' " courts have not required the complainant to first exhaust administrative remedies. *McKenzie v. Illinois Dept. of Transportation*, 92 F.3d 473, 482 (7th Cir.1996)(citing *Jenkins v. Blue Cross Mut. Hosp. Ins.*, 538 F.2d 164, 167 (7th Cir.1976)). The court in *McKenzie* noted that the rationale for allowing Title VII

plaintiffs to bring retaliation claims in court that were not first brought in an EEOC charge was to avoid creating "needless procedural barrier[s]" where the claim reasonably relates to and grows from the charges brought in the administrative complaint. *Id.* at 482.

The court's holding in *McKenzie*, however, was restricted to those retaliation claims that arose *after* the EEOC charges were filed, because the court was concerned that employees would suffer retaliation as a result of making a discrimination charge to the EEOC. Such retaliation was directly related to the prior discrimination charge because the retaliation arose out of the EEOC charge. For those plaintiffs who had suffered retaliation *prior* to filing an EEOC charge, the court in *McKenzie* held that bringing a retaliation charge before the EEOC was a prerequisite to seeking relief in court. *See McKenzie*, 92 F.3d at 483.

In this case, the alleged retaliation—the defendant's failure to hire plaintiff for the three positions to which he applied in April and June of 1999—occurred prior to the plaintiff's EEOC administrative complaint, which he filed on September 7, 1999. Retaliation suffered before bringing the EEOC charge could have been—and should have been—included in the original EEOC charge. Since plaintiff failed to exhaust EEOC administrative remedies before bringing his retaliation charge in the instant action, and because the alleged retaliation occurred *before* plaintiff brought the initial EEOC charge in September 1999, plaintiff's claim for retaliation under Title VII is dismissed.

### Local and Statutory Law Claims

█ Insofar as plaintiff alleges in his complaint that his rights have been violated under "District of Columbia law,"[3]

those claims under District of Columbia law are dismissed. Plaintiff has failed to reference a specific law or statute, or even generally describe what law has been violated. Such pleading does not satisfy notice pleading requirements under Federal Rule 8(a), because while plaintiff is not required to plead with particularity, plaintiff's complaint fails to show what relief under District of Columbia law the plaintiff may be entitled to, and fails to put the defendant on notice of plaintiff's claims.

Any possible claims under D.C. law are therefore dismissed for failure to state a claim upon which relief can be granted.

### CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that defendant's motion to dismiss plaintiff's claim brought pursuant to 42 U.S.C. § 1981 is DENIED;

ORDERED that plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED for failure to state a claim for which relief can be granted;

ORDERED that plaintiff's claim for retaliation pursuant to Title VII of the Civil Rights Act of 1964 is DISMISSED for failure to exhaust administrative remedies;

ORDERED that defendant's motion to dismiss plaintiff's claims for national origin and gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 is DENIED;

ORDERED that defendant's motion to dismiss plaintiff's claims under District of Columbia law is GRANTED; and

ORDERED that plaintiff's motion to continue defendant's motion for summary

---

3. Pl.'s Compl. at 4.

judgment until discovery is completed (# 14) is GRANTED.

SO ORDERED.